UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUI YING XIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>ALEX MARTINEZ,<br><br>        Defendant. | Case No. 25-cv-03023-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. No. 5 |

In March 2025, Plaintiff Hui Ying Xiz filed in state court a request for a civil harassment restraining order against Defendant Alex Martinez. (Dkt. No. 1-1 at 5.) Defendant removed the case to this Court and filed the pending motion to dismiss. (Dkt. Nos. 1, 5.) Having carefully considered the submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS Defendant's motion to dismiss. Because Defendant is a federal employee and the requested restraining order would restrict her workplace activities, the action is effectively against the United States and therefore barred by sovereign immunity.

## BACKGROUND

Plaintiff filed a request for a civil harassment restraining order in San Mateo County Superior Court against Defendant. (Dkt. No. 1-1 at 5.) The request states Defendant is Plaintiff's "work supervisor" "at USPS in Burlingame." (*Id.* at 6, 8.) The alleged harassment is described as follows: (1) on March 8, 2025, "around 8 AM Alex Martinez instructed me to work 8 hours and take my own overtime away"; (2) Defendant "insist[ed] employees must do new loading features" and instructed all carriers to scan every package when loading it into a vehicle; (3) Defendant "[was] rising [sic] her voice and hitting me [sic] her clipboard"; and (4) when asked "'why are you hitting me?' [Defendant] did not reply, but just walked away." (*Id.* at 11.) Plaintiff'

1   "immediately report[ed] to the union about this physical assaulted [sic] and went home due to too

2   much pressure." (*Id.*)  Plaintiff asked the court to order Defendant to stay at least 100 yards away

3   from Plaintiff, Plaintiff's home, and Plaintiff's job, among other locations.  (*Id.* at 8.)

4        On March 17, 2025, the San Mateo Superior Court denied Plaintiff's request for a

5   temporary restraining order pending a hearing scheduled for April 8, 2025.  (*Id.* at 2-3.)  On April

6   2, 2025—six days before the scheduled hearing—Defendant removed the case to federal court

7   pursuant to 28 U.S.C. § 1442(a) on the ground Defendant is "a federal official employed by the

8   United States Postal Service (USPS)."  (Dkt. No. 1 ¶ 1.)  That statute provides:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

15  28 U.S.C. § 1442(a).

16       Defendant subsequently filed the pending motion to dismiss for lack of subject matter

17  jurisdiction.  (Dkt. No. 5.)  Plaintiff, who is not represented by an attorney, did not oppose.

## DISCUSSION

### A.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides a party may assert a defense of "lack of subject-matter jurisdiction."  "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction" whereas "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*  "Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit."  *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

While Defendant does not specify, the Court understands her motion to assert a facial

2

attack. Defendant does not challenge facts that provide the basis for jurisdiction; rather, she asserts dismissal is appropriate because (1) there has been no waiver of sovereign immunity; (2) the complaint is barred by the doctrine of derivative jurisdiction; and/or (3) the complaint is barred by the Supremacy Clause.

### B.    Sovereign Immunity

"[T]he United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). "Such waiver cannot be implied, but must be unequivocally expressed." *Id.* (quoting *United States v. King,* 395 U.S. 1, 4 (1969)). "Where a suit has not been consented to by the United States, dismissal of the action is required." *Id.*

"The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (cleaned up). "An action against a government employee constitutes a suit against the United States assuming it would have one of these effects." *F.B.I. v. Superior Ct. of Cal.*, 507 F. Supp. 2d 1082, 1094 (N.D. Cal. 2007); *see also Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 688 (1949) ("For the sovereign can act only through agents and, when the agents' actions are restrained, the sovereign itself may, through him, be restrained."). "There are two recognized exceptions to the principle that sovereign immunity bars a suit against a government employee: 1) when an employee's actions exceed the scope of the statutory powers conferred upon him or her; and 2) when, despite acting within the scope of his or her authority, the employee was acting unconstitutionally." *F.B.I.*, 507 F. Supp. 2d at 1094 (citing *Dugan,* 372 U.S. at 621-22.).

In this case, Plaintiff asks the court to order Defendant to stay 100 yards away from Plaintiff's workplace—which is also Defendant's workplace. (Dkt. No. 1-1 at 8 (stating Plaintiff and Defendant "work together at USPS in Burlingame 1625 Rollins Road Burlingame CA 94010").) So, the requested restraining order would restrict Defendant's activities at work. Plaintiff's request acknowledges as much. (*id.* (checking "No" to the question "If the Court orders

[Defendant] to stay away from all the places listed above, will . . . she still be able to get to . . . her home, school, or job?"). Because the requested restraining order would impair the performance of a federal employee's duties, the request is in substance a suit against the United States. *See Malone v. Bowdoin*, 369 U.S. 643, 643, 648 (1962) (dismissing claim against a federal employee as "an action which in substance and effect was one against the United States without its consent"). So, as other courts have concluded, the request is barred by sovereign immunity. *See, e.g.*, *Rodriguez v. Chalas*, No. 23-CV-04728-SI, 2024 WL 150596, at *2 (N.D. Cal. Jan. 12, 2024) (request for temporary restraining order barred by sovereign immunity when "there [was] no dispute that the civil restraining order . . . would restrict [a U.S. Army employee's] activities in the workplace"); *Kline v. Johns*, No. 21-CV-03924-KAW, 2021 WL 3555734, at *2 (N.D. Cal. Aug. 2, 2021) (request for temporary restraining order barred by sovereign immunity when it would "impose terms that would impair the performance of Defendant's federal duties"); *Figueroa v. Baca*, No. ED CV 17-1471 PA (AGRx), 2018 WL 2041383, at *3 (C.D. Cal. Apr. 30, 2018) (request for temporary restraining order barred by sovereign immunity when its terms "restricting [the federal employee's] communications and movement at the federal workplace interfere with his ability to perform his duties as a federal employee").

It is Plaintiff's burden to identify a waiver of or exception to sovereign immunity. *See Malone*, 369 U.S. 643, 648 n.9 (1962) (cleaned up) (if the plaintiff seeks to claim the federal employee was exceeding their delegated powers, "it is necessary that the plaintiff set out in his complaint the statutory limitation on which he relies"); *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (cleaned up) ("[T]he party asserting a claim against the United States . . . has the burden of demonstrating an unequivocal waiver of immunity"). Plaintiff, who did not respond to the motion to dismiss, did not meet that burden here. And the Court is not aware of a clear waiver in this case. For example, while the Federal Tort Claims Act ("FTCA") permits claims against federal employees working in the scope of their employment, 28 U.S.C. § 1346(b), the FTCA by its plain language applies to suits for money damages and thus is inapplicable to the present request for injunctive relief. *Palm v. United States*, 835 F. Supp. 512, 518 (N.D. Cal. 1993) (citing *Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974)) ("[C]laims for

injunctive relief under the FTCA are improper."). And while the Postal Reorganization Act ("PRA") authorizes the Postal Service "to sue and be sued in its official name," 39 U.S.C. § 401(1), the Fourth Circuit concluded such clause did not waive sovereign immunity when the requested relief "would prohibit a supervisor at the . . . Post Office from coming to her federal workplace." *Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014). In this case, Plaintiff did not oppose the motion and therefore did not assert the PRA as a waiver to sovereign immunity. As Defendant had no chance to respond on this point, the Court declines to consider the issue here.

Because Plaintiff's request for a civil harassment restraining orders is barred by sovereign immunity, "the state court lacked jurisdiction over [the] claims, as does this Court pursuant to the derivative jurisdiction doctrine." *Coelho v. Chalas*, No. 23-CV-04525-SI, 2024 WL 150586, at *4 (N.D. Cal. Jan. 12, 2024); *see also Beeman v. Olson*, 828 F.2d 620, 621 (9th Cir. 1987) ("[A] federal court [is] without jurisdiction over a suit removed to it from state court if the state court from which it was removed lacked subject matter jurisdiction, even though the federal court would have had jurisdiction had the suit been brought there originally."). So, the Court GRANTS Defendant's motion to dismiss.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss without prejudice. A separate judgment will issue.

This Order disposes of Docket No. 5.

**IT IS SO ORDERED.**

Dated: May 19, 2025

JACQUELINE SCOTT CORLEY
United States District Judge